STEVEN K. HAUSER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hauser v. Commissioner
Docket No. 1650-81.
United States Tax Court
T.C. Memo 1982-685; 1982 Tax Ct. Memo LEXIS 50; 45 T.C.M. (CCH) 215; T.C.M. (RIA) 82685; November 29, 1982. Steven K. Hauser, pro se. Steven Roth, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned for trial to Special Trial Judge Darrell D. Hallett, pursuant to the provisions of General Order No. 6, 69 T.C. XV (1978). The Court agrees with and adopts his report, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: *51 Respondent determined a deficiency in petitioner's 1978 Federal income tax in the amount of $2,108. The issue for decision is whether petitioner is entitled to a deduction for expenses incurred in connection with campaigning for election to public office. Petitioner was a resident of Santa Monica, California at the time the petition was filed. During the tax year 1978, petitioner, a lawyer, was employed as a public defender for the County of Los Angeles and he worked as a consultant to an attorney practicing in Palm Desert, California. During 1978 petitioner hoped to establish a private practice as an attorney in the future. During 1978, petitioner campaigned for California State Assemblyman for the 67th District. Petitioner was a "newcomer" to politics without political experience and he had never before held an elective public office. Petitioner began his campaign activities in early 1978. The activities continued during 1978 until petitioner lost the general election in November of that year. During the campaign, petitioner resided in an apartment he rented in San Bernardino, California. On February 1, 1978, petitioner's campaign manager moved to San Bernardino *52 to assist petitioner in his campaign. Petitioner paid room and board for the campaign manager totaling $1,650 for 11 months during 1978. In July 1978, the campaign manager moved into petitioner's apartment and moved all of his personal belongings with him. Petitioner ran his campaign from his apartment from January 1978 through August 1978, when petitioner moved his activities to a campaign headquarters. Campaign materials formerly stored in the apartment were moved to the campaign headquarters. Prior to that time, campaign paraphernalia was stored in the bedroom in the apartment, and petitioner conducted campaign activities in both the living room and dining room. Petitioner spent most of his time campaigning out of the apartment and in the field (precincts). On his 1978 income tax return, petitioner claimed as employee business expenses an amount totaling $9,433. This amount included $7,045 attributible to petitioner's political campaign activities. In addition, petitioner claimed as a miscellaneous deduction $1,650 which represents a portion of petitioner's rent on his apartment. Petitioner also paid $150 per month or $1,650 during 1978 for room and board of his campaign *53 manager which petitioner did not claim as a deduction on his return, but now contends is a deductible item. The expenses incurred by petitioner, totaling $7,045, and which are attributible to petitioner's campaign activities, if deductible at all, must qualify for deduction under section 162 [1] as ordinary and necessary expenses incurred in carrying on a trade or business. [2] In , the Supreme Court held that campaign expenses of a public official seeking election are not deductible as expenses incurred in a trade or business. That rule has since been codified in section 162(e)(2)(A) and it has been consistently applied in subsequent cases. See , on appeal (6th Cir.); . Petitioner recognizes the rule, but simply asks that we take this opportunity to change it. We decline to do so. *54 Petitioner also argues that his campaign expenses should be deductible because he was an attorney when the expenses were incurred, and at least part of his motivation for undertaking the campaign and incurring the expenses associated with it was to establish himself as an attorney in the district. However, in view of the flat prohibition upon deductibility of campaign expenses imposed by the Supreme Court, Congress, and by this Court, the possible enhancement of petitioner's opportunities in private practice clearly does not serve to make deductible expenses which are directly connected with compaigning for public office. For the same reasons, petitioner's claim for a deduction with respect to the room and board expenses incurred by him for his campaign manager must likewise be disallowed. Petitioner's claim for a deduction with respect to the use of a portion of his apartment for campaign activities is governed by section 280A. The deduction claimed clearly does not qualify under that section. First, for the same reasons that campaign expenses have been held not to qualify as expenses incurred in connection with a "trade or business" within the meaning of section 162 and *55 its predecessor, petitioner's apartment was clearly not the "principal place of business for [a] trade or business [of petitioner]." Moreover, petitioner has failed to prove that the apartment or any portion thereof was used "exclusively" and on a regular basis for activities which amount to a trade or business, nor has petitioner proven that the apartment was the "focal point" of business for a trade or business carried on by him. See . Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. On the return, these expenses were deducted as unreimbursed employee business expenses. However, it has been stipulated that petitioner incurred no business expenses in connection with his employment with the County of Los Angeles, and that he was allowed a deduction for all expenses incurred in connection with his consulting work (which in any event was reported on the return as a sole proprietorship activity).↩